UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO REVELES,<br><br>   Plaintiff,<br><br>  v.<br><br>MAGANA, et al.,<br><br>   Defendants. | Case No.: 1:20-cv-01345-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 9) |

  Plaintiff Guillermo Reveles is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

  Currently before the Court is Plaintiff's first amended complaint, filed October 30, 2020.

**I.**

**SCREENING REQUIREMENT**

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

On December 12, 2019, Plaintiff was supposed to appear at a committee hearing. However, on this same day, correctional counselor Magana went to Plaintiff's cell door and explained that Plaintiff would not be going to the hearing because the committee did not want to deal with him. Plaintiff subsequently found out that he was supposed to be presented at the committee hearing, and he never refused to attend the hearing.

Plaintiff did sign the 72 hour waiver acknowledging that he did not need 72 hours to prepare for the hearing. Magana claimed that Plaintiff agreed with the committee action when he did not even appear.

Correctional counselor Campa reviewed Plaintiff's appeal regarding his failure to appear at the committee hearing. Campa claimed that since Plaintiff waived the 72 hour notice that is the refusal to

appear. Plaintiff has been housed in administrative for about a year without any disciplinary actions in violation of California Code of Regulations Title 15 section 3335.

## III.
## DISCUSSION

### A.   Due Process-Administrative Segregation

The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law. Interests that are procedurally protected by the Due Process Clause may arise from two sources: the Due Process Clause itself and laws of the states. See Meachum v. Fano, 427 U.S. 215, 224-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (citing Vitek v. Jones, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and Washington v. Harper, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)). Deprivations that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a protected liberty interest, provided that the liberty in question is one of "real substance." See Sandin, 515 U.S. at 477-87.  An interest of "real substance" will generally be limited to freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of [a] sentence." Id. at 484, 487. The placement of an inmate in a highly restrictive housing setting may amount to a deprivation of a liberty interest of "real substance" within the meaning of Sandin. See Wilkinson v. Austin, 545 U.S. 209, 224 (2005).

The Due Process Clause does not create a liberty interest in remaining in the general population or being free from administrative segregation. Hewitt v. Helms, 459 U.S. 460, 466-67 (1983); Toussaint v. McCarthy, 801 F.2d 1080, 1091 (9th Cir. 1985), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472.  The Ninth Circuit has concluded that prisoners have no liberty interest in remaining free from administrative segregation or solitary confinement. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).  Administrative segregation is the type of confinement

that should be reasonably anticipated by inmates at some point in their incarceration. Toussaint, 801 F.2d at 1091 (quoting Hewitt, 459 U.S. at 468).  Indeed, prisoners may, however, be housed in Administrative Segregation to protect them from other inmates, to protect other inmates from the segregated prisoner, or pending investigation of disciplinary charges, transfer, or re-classification. See Hewitt, 459 U.S. at 468 (finding no liberty interest in freedom from state action taken within the sentence implied).

States may, under certain circumstances, create liberty interests which are protected by the Due Process Clause. See Sandin v. Conner, 515 U.S. at 484. (citations omitted). These interests are generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin, 515 U.S. at 484.  To determine if the plaintiff's removal from general population constitutes an "atypical and significant hardship," the Court examines: (1) the extent of difference between segregation and general population; (2) the duration and intensity of the conditions confinement; and (3) whether the sanction extends the length of the prisoner's sentence. Cepero v. High Desert State Prison, No. 3:12-cv-00263-MMD-VPC, 2015 WL 1308690 at *14 (D. Nev. Mar. 24, 2015); see also Sandin, 515 U.S. at 486–87. "Typically, administrative segregation in and of itself does not implicate a protected liberty interest." Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir.2003).  Furthermore, "the decision to hold an inmate in administrative segregation imposes few procedural burdens on prison officials." Cepero, 2015 WL 1308690 at *14.

When an inmate has established a protected liberty interest in freedom from administrative segregation, federal due process requires only the following procedures: "[p]rison officials must hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated. The prison officials must inform the prisoner of the charges against the prisoner or their reasons for considering segregation. Prison officials must allow the prisoner to present his views." Toussaint v. McCarthy, 801 F.2d at 1100.  An informal, nonadversary evidentiary review is sufficient "both for the decision that an inmate represents a security threat and the decision to confine an inmate to administrative segregation pending completion of an investigation into misconduct charges against him." Hewitt v. Helms, 459 U.S. at 476.  Before the review, the prisoner must receive some notice of the charges and be given an

4

1 opportunity to respond, but he is not entitled to "detailed written notice of charges, representation of
2 counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the
3 reasons for placing the prisoner in administrative segregation." Toussaint, 801 F.2d at 1100-01
4 (citations omitted).  Due process also "does not require disclosure of the identity of any person
5 providing information leading to the placement of a prisoner in administrative segregation." Id.

6 Although Plaintiff contends that he was held in administrative segregation for "about a year,"
7 he has not described conditions related to his housing in administrative segregation that impose
8 atypical and significant hardships on Plaintiff in relation to the ordinary incidents of prison life.
9 Because Plaintiff has not established a liberty interest for which due process protections apply, he fails
10 to state a due process claim based on his housing in administrative segregation.  See, e.g., Toussaint v.
11 McCarthy, 801 F.2d at 1092 ("a liberty interest does not arise even when administrative segregation
12 imposes 'severe hardships' such as 'denial of access to vocational, education, recreational and
13 rehabilitative programs, restriction on exercise, and confinement to [one's] cell for lengthy periods of
14 time' ") (quoting Hewitt v. Helms, 459 U.S. at 467 n.4); Wyatt v. Hackett, No. CV05-5498 VAP (JC),
15 2009 WL 5062343, at *7–*8 (C.D. Cal. Dec. 21, 2009) (no liberty interest found in connection with a
16 60–day confinement in administrative segregation, because "[l]imitations on contact visitation,
17 telephone calls, canteen visits and physical access to the law library are, likewise, within the range of
18 limitations contemplated by plaintiff's sentence"); Jones v. McDaniel, 552 F. Supp. 2d 1141, 1146 (D.
19 Nev. 2008) (citing Sandin and finding that the loss of telephone and canteen privileges falls within the
20 expected scope of a criminal sentence and thus does not give rise to a liberty interest); Bryant v.
21 Cortez, 536 F. Supp. 2d 1160, 1167 (C.D. Cal. 2008) (no protected liberty interest arose from
22 prisoner's ad seg placement for 18 months pending adjudication of Rules Violation Report of which he
23 ultimately was found not guilty even though he experienced reduced exercise and visitation and a loss
24 of telephone privileges); Deadmon v. Grannis, No. 06cv1382-LAB (WMC), 2008 WL 595883, at *6–
25 *7 (S.D. Cal. Feb. 29, 2008) (finding allegations that plaintiff lost general population privileges, was
26 restricted to family visits behind a closed window and was disallowed phone calls, and was allowed
27 only one package a year, one shower every three days, and a maximum of ten hours per week of yard
28 time while in the ad seg for 15 months did not constitute "an atypical and significant hardship in light

of the ordinary incidents of his incarceration" and, thus, no liberty interest existed). Plaintiff has not pled sufficient facts demonstrating that his retention in administrative segregation constitutes atypical and significant hardship, entitling him to procedural due process. Accordingly, Plaintiff fails to state a cognizable claim for relief. Because it appears Plaintiff cannot cure the pleading defects discussed above, the undersigned recommends dismissal without further leave to amend.

### B.     California Code of Regulations Title 15 Section 3335

Plaintiff contends that Defendants violated section 3335 by not allowing him to be present at the committee hearing.

Section 3335 provides the guidelines for placing an inmate in administrative segregation, which includes segregation for non-disciplinary reasons. Cal. Code Regs. tit. 15, §§ 3335(a)(1)(A)-(D). However, the mere violation of a prison regulation, which may provide even more procedural protections than mandated by the Constitution, does not give rise to a cognizable claim for relief. See, e.g., Nible v. Fink, __ F. App'x. __, 2020 WL 6441117, at *1 (9th Cir. Nov. 3, 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); Prock v. Warden, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11-12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); Parra v. Hernandez, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); Chappell v. Newbarth, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations). Similarly, there is no liability under § 1983 for violating prison policy. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009).

### C.     Further Leave to Amend Futile

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given

leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) ). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.  The undersigned finds that, as set forth above, Plaintiff's allegations fail to state a claim for relief and amendment would be futile.  Accordingly, Plaintiff's complaint should be dismissed without leave to amend.

### IV.
### ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a Fresno District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 19, 2020**

UNITED STATES MAGISTRATE JUDGE